J-S13042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                            :            PENNSYLVANIA
                            :
            v.                   :
                            :
                            :
JOSEPH L. STRATTON-KIEHLMEIER   :
                            :
          Appellant        :     No. 1162 WDA 2023

Appeal from the Judgment of Sentence Entered May 2, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000939-2021

BEFORE:    KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED: May 30, 2024**

Joseph Stratton-Kiehlmeier appeals from the judgment of sentence imposed after he pled no contest to terroristic threats.[1] He claims his due process rights were violated and his counsel was ineffective. Additionally, Stratton-Kiehlmeier's counsel filed a petition to withdraw and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). Upon review, we grant counsel's petition, and affirm the judgment of sentence.

On February 24, 2021, Stratton-Kiehlmeier flashed a gun at Teagan Bruno, the victim, in the parking lot of an Arby's restaurant in the City of Erie, Pennsylvania. Stratton-Kiehlmeier, along with his cohort, threatened to shoot

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2706(a)(1).

Bruno. The Commonwealth claimed that Stratton-Kiehlmeier did not have a concealed carry permit for the weapon and had been convicted of a burglary previously, which prohibited him from having a gun. Stratton-Kiehlmeier was arrested and charged with multiple offenses.

On May 2, 2022, Stratton-Kiehlmeier pled no contest to terroristic threats. The trial court sentenced Stratton-Kiehlmeier to 9 to 18 months' incarceration and credited him with 391 days for time served; he was paroled immediately. Stratton-Kiehlmeier did not file a post-sentence motion or an appeal at that time.

More than a year later, on July 10, 2023, Stratton-Kiehlmeier filed a *pro se* motion to appeal his sentence. On August 30, 2023, the court entered an order granting Stratton-Kiehlmeier's request to file his appeal *nunc pro tunc* and appointed counsel. Counsel then filed this appeal. She later filed a petition to withdraw from representation and an **Anders** brief with this Court. Stratton-Kiehlmeier did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an ***Anders*** brief and a petition for leave to withdraw. Further, the ***Anders*** brief substantially comports with the

- 3 -

requirements set forth by our Supreme Court in **Santiago**. Finally, the record included a copy of the letter that counsel sent to Stratton-Kiehlmeier of counsel's intention to seek permission to withdraw and advising Stratton-Kiehlmeier of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Stratton-Kiehlmeier appeal is wholly frivolous.

In the **Anders** brief, counsel indicates that Stratton-Kiehlmeier wishes to raise the following issues:

> 1. Did the police's failure to file an affidavit of probable cause result in the Commonwealth holding him illegally, engaging in misconduct, and violating his right to due process?
>
> 2. Did trial counsel's representation of a "confidential human source" in [Stratton-Kiehlmeier's] federal case constitute a conflict of interest?
>
> 3. Did trial counsel's illness and loss of a very close family member so affect his state of mind that he did not properly represent [Stratton-Kiehlmeier's] interests?

Anders Brief at 7.

Initially, we observe that Stratton-Kiehlmeier entered a guilty plea in this case. The entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence. **Commonwealth v. Tareila**, 895 A.2d 1266, 1267 (Pa. Super. 2006); **Commonwealth v. Messmer**, 863 A.2d 567, 571 (Pa. Super. 2004).

- 4 -

Consequently, an appellant may only challenge these defects on appeal.  **See Commonwealth v. Rush**, 909 A.2d 805, 807 (Pa. Super. 2006).

Stratton-Kiehlmeier raised three issues on appeal.  Notably, none of them involve the type of defect which can be raised following a guilty plea.  As such, his claims are not cognizable.

Additionally, none of the issues Stratton-Kiehlmeier raised on appeal were raised with the trial court.  **See** Pa.R.A.P. 302(a).  Issues not first raised in the lower court are waived and cannot be raised for the first time on appeal.[2]  **Id.**  To the extent that Stratton-Kiehlmeier claims that counsel's actions impacted his plea, including failure to challenge the affidavit of probable cause, Stratton-Kiehlmeier did not object at the plea hearing or file a post-sentence motion raising these issues.

Consequently, Stratton-Kiehlmeier's issues are waived.  Because they are waived, the issues are frivolous under **Anders**.  **See Commonwealth v. Tukhi**, 149 A.3d 881, 888-89 (Pa. Super. 2016) (citing **Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

---

[2] We also note that, except in limited, identified circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review." **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013).  Stratton-Kiehlmeier can raise these issues in a timely petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

Further, in accordance with **Dempster**, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/30/2024